| | |
|---|---|
| Huber Alexy Marquez, Sonia del Carmen Garcia de Marquez, and Brandon Alexis Marquez Garcia,<br><br>                           Plaintiffs,<br><br>      -v-<br><br>Pam Bondi, *as Attorney General of the United States*; Kristi Noem, *as Secretary of the Department of Homeland Security*; Joseph B. Edlow, *as Director of the United States Citizenship and Immigration Services*; and Terri A. Robinson, *as Director of the United States Citizenship and Immigration Services*,<br><br>                        Defendants. | 2:23-cv-3528<br>(NJC) |

## OPINION AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

       Plaintiffs Huber Alexy Marquez ("Huber"), Sonia del Carmen Garcia de Marquez ("Sonia"), and Brandon Alexis Marquez Garcia ("Brandon," and collectively, "Plaintiffs"), are citizens of El Salvador currently residing in the United States. They bring this action against the current Attorney General of the United States, Secretary of the Department of Homeland Security ("DHS"), and Directors of United States Citizenship and Immigration Services ("USCIS") (together, "Defendants"),[1] challenging USCIS's denial of their petitions for work

---

[1] The named Defendants in the Complaint are Merrick Garland, as Attorney General of the United States; Alejandro Mayorkas, as Secretary of Homeland Security; UR M. Jaddou, as Director of the United States Citizenship and Immigration Services; and Terri A. Robinson, as Director of the United States Citizenship and Immigration Services. Pursuant to Fed. R. Civ. P. 25(d), Attorney General Pam Bondi is automatically substituted for Garland; Secretary of Homeland Security Kristi Noem is automatically substituted for Mayorkas; USCIS Director Joseph B. Edlow is automatically substituted for Jaddou. (*See* Elec. Order, Feb. 6, 2026.)

authorization under Section 274a of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1324a ("Section 1324a"). (Compl., ECF No. 1.)

The Complaint brings the following claims under the Administrative Procedure Act ("APA"): (1) a claim that Defendants acted "in excess of statutory jurisdiction, authority, or limitations, or short of a statutory right" in violation of 5 U.S.C. § 706(2)(C) ("Section 706(2)(C)"); (2) a claim that Defendants' actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of 5 U.S.C. § 706(2)(A) ("Section 706(2)(A)"); and (3) a claim that Defendants acted "without observance of procedure required by law," in violation of 5 U.S.C § 706(2)(D) ("Section 706(2)(D)"). (Compl. 3–5.) It also brings claims under the Due Process Clause of the Fifth Amendment to the United States Constitution, asserting that Defendants violated Plaintiffs' procedural and substantive due process rights in denying them work authorization, and that Section 1324a and its implementing regulations violate substantive due process by infringing on a fundamental right to work for a living and support one's family. (*Id*. at 5–6.) The Complaint seeks the following relief: (1) an order declaring that Defendants' denial of Plaintiffs' petitions for work authorization violates the APA; (2) an order declaring that Section 1324a is unconstitutional; (3) an injunction compelling Defendants to issue Plaintiffs work authorization cards; (4) attorney's fees; (5) and any other relief the Court deems just, equitable, and appropriate. (*Id*. at 6–7.)

Before me is Defendants' Motion to Dismiss the Complaint or, in the alternative, for Summary Judgment. (Mot., ECF No. 17; Mem. in Support ("Mot."), ECF No. 17-1.) Defendants move to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), arguing that federal courts lack jurisdiction to review a USCIS denial of an

application for work authorization. In the alternative, Defendants move for summary judgment on the APA claims under Rule 56, Fed. R. Civ. P., and move to dismiss the due process claims for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. Plaintiffs oppose both motions in a brief that is styled as an "opposition" to Defendants' motions to dismiss and for summary judgment and a cross-motion for summary judgment. (Notice ("Mot. Opposition"), ECF No. 15; Ltr. ("PMC Opposition"), ECF No. 10.)

For the reasons explained below, Defendants' motions are resolved as follows. The Court dismisses the APA claims under Rule 12(b)(1) for lack of subject matter jurisdiction and does not reach Defendants' Motion for Summary Judgment on these claims. Further, Plaintiffs' procedural and substantive due process claims are dismissed under Rule 12(b)(6) for failure to state a claim. The Complaint fails to include any allegations supporting a plausible claim that Defendants did not provide Plaintiffs notice and opportunity to be heard concerning their applications for work authorization as required to plead a procedural due process claim. Moreover, the Complaint relies solely on the allegation that there is a fundamental right to work for a living and to support one's family to advance claims that Defendants' denial of work authorization violated Plaintiffs' substantive due process rights and that Section 1324a and its implementing regulations are facially unconstitutional. However, Plaintiffs fail to demonstrate the existence of such a fundamental right. Finally, the Complaint fails to plead any allegations supporting a plausible claim that Section 1324a and its related regulations are not rationally related to advancing a legitimate government objective as required to plead a plausible substantive due process claim in the absence of a fundamental right. Accordingly, none of the claims pled in the Complaint survive Defendants' motions.

Although Plaintiffs have not requested leave to amend the Complaint, the Court has sua sponte considered this question. Because amendment cannot cure the deficiencies in the APA and procedural due process claims as explained below, leave to amend the Complaint under Rule 15(a)(2), Fed. R. Civ. P., is denied as futile with respect to those claims. However, the Complaint does not include allegations supporting a plausible substantive due process claim on a rational basis, rather than fundamental rights, theory, and Defendants have not argued that Section 1324a and its implementing regulations would withstand rational basis review. Accordingly, based on the present record, the Court cannot conclude that amendment of the substantive due process claims would be futile. Thus, the substantive due process claims are dismissed without prejudice.

## BACKGROUND

### I.        Statutory Background

Section 1324a prohibits the hiring of a noncitizen to work in the United States if they are "unauthorized." 8 U.S.C. § 1324a(a)(1)(A) ("It is unlawful for a person or other entity . . . to hire . . . for employment in the United States a [noncitizen] knowing the [noncitizen] is an unauthorized [noncitizen]"). An "unauthorized" noncitizen is one who is employed without being "lawfully admitted for permanent residence" or "authorized to be so employed by [the statute] or by the Attorney General." *Id.* § 1324a(h)(3). Thus, unless the noncitizen is a lawful permanent resident or has received work authorization from the Attorney General, the noncitizen may only be lawfully employed pursuant to a federal law or regulation explicitly authorizing their employment.

8 C.F.R. § 274a.12 ("Section 247a") sets forth three categories of noncitizens to whom the Attorney General may grant work authorization. The first category, covered by Section

274a.12(a), pertains to "classes of [noncitizens who] are authorized to be employed in the United States without restrictions as to location or type of employment as a condition of their admission or subsequent change to one of the indicated classes." 8 C.F.R. § 274a.12(a). This category includes lawful permanent residents, asylees, refugees, and noncitizens granted withholding of removal, among others. *Id*. The second category, covered by Section 274a.12(b), concerns "classes of [noncitizens who] are authorized to be employed in the United States by the specific employer" incident to their status or parole. *Id*. § 274a.12(b). Foreign government officials and their employees, noncitizens on student visas seeking on-campus employment, internships, or other training, and temporary workers and trainees, among others, fall into this category. *Id.* The third category, covered by Section 274a.12(c), are noncitizens who "must apply for work authorization. *If* authorized, such [a noncitizen] may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document." *Id*. § 274a.12(c) (emphasis added.) This third category includes noncitizens who have been granted deferred action and noncitizens with pending applications for adjustment to lawful permanent resident status, among others. *Id*.

USCIS has discretion to approve applications for work authorization by noncitizens who fall into 8 C.F.R. § 274a.12(c), with limited exceptions for noncitizens with pending applications for asylum, withholding of deportation, or withholding of removal. 8 C.F.R. § 274a.13(a)(1)–(2). When an application is granted, USCIS provides the noncitizen notice of the decision and an "employment authorization document valid for a specific period and subject to any terms and conditions identified." *Id*. § 274a.13(b). The grant of work authorization may be renewed. *Id.* § 274a.13(d). USCIS must notify applicants of any denial in writing and provide "reasons for the

denial." *Id*. § 274a.13(c). The denial of an application for such work authorization cannot be appealed. *Id*.

## II.     Factual Background

The following facts are taken from the Complaint and the certified administrative records Defendants filed regarding the Form I-765 Applications for Employment Authorization filed by Huber, Sonia, and Brandon (collectively "EA Records"). (Huber EA Record, ECF No. 18; Sonia EA Record, ECF No. 19; Brandon EA Record, ECF No. 20.) The Court may consider facts outside of the Complaint, including those set forth in the certified administrative record, when assessing Defendants' Rule 12(b)(1) motion to dismiss. *See Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 441 (2d Cir. 2019) ("[T]he district court can refer to evidence outside the pleadings when resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." (internal quotation marks omitted)). In evaluating Defendants' Rule 12(b)(6) motion, the Court may consider all allegations set forth in the Complaint, along with "matters of which judicial notice may be taken" and materials that are attached to the Complaint, incorporated by reference in it, or are integral to it. *See Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023). A document is "integral to a complaint" where the "complaint relies heavily on its terms and effect," even if the "document is not expressly incorporated by reference." *Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415 (2d Cir. 2024). The EA Records are integral to the Complaint because Plaintiffs rely heavily on the terms and effect of their applications for work authorization and Defendants' subsequent denials in framing their Complaint. Accordingly, the Court considers these documents in resolving Defendants' motions under both Rule 12(b)(1) and Rule 12(b)(6).

Plaintiffs are nationals of El Salvador,[2] who currently reside in Hempstead, New York. (Compl. ¶ 3; Huber EA Record at 34; Sonia EA Record at 31; Brandon EA Record at 31.) Huber arrived in the United States without inspection in 2014 at or near Hidalgo, Texas, and Sonia and Brandon arrived in the United States without inspection in 2018 at or near San Ysidro, California. (*See* Huber EA Record at 36; Sonia EA Record at 31; Brandon EA Record at 31.) Plaintiffs were placed in removal proceedings and subsequently applied for asylum, withholding of removal, and relief under the Convention Against Torture. (Compl. ¶ 10; Sonia EA Record at 10.) On June 9, 2022, Plaintiffs appeared for a hearing before Immigration Judge Roger Sagerman who ordered that Plaintiffs' removal proceedings be "terminated as a matter of prosecutorial discretion." (Huber EA Record at 14; Sonia EA Record at 14; Brandon EA Record at 14.)

On June 15, 2022, Plaintiffs filed Form I-765 applications for work authorization with USCIS which, if granted, would allow them to be lawfully employed in the United States.[3] (Huber EA Record at 24–43; Sonia EA Record at 19–42; Brandon EA Record at 19–41). The forms required Plaintiffs to identify the specific category of 8 C.F.R. § 274a.12 under which they

---

[2] Although the Complaint alleges that Plaintiffs are from Honduras (Compl. ¶ 10), the Form I-765 applications filed with USCIS states that they are from El Salvador, as does the affidavit that Huber included in support of his Form I-765. (*See* Huber EA Record at 34, 42; Sonia EA Record at 31; Brandon EA Record at 31.)

[3] Plaintiffs had previously been granted work authorization pursuant to 8 C.F.R. § 274a.12(c)(8) on the basis of their pending applications for asylum. (Huber EA Record at 42; Sonia EA Record at 37; Brandon EA Record at 39.) Huber's work authorization expired on September 14, 2022, while Sonia's work authorization expired on July 13, 2022, and Brandon's work authorization expired on July 9, 2022. (Huber EA Record at 42; Sonia EA Record at 37; Brandon EA Record at 39.)

are eligible for work authorization. (Huber EA Record at 36; Sonia EA Record at 31; Brandon EA Record at 31.) Huber, Sonia, and Brandon each listed "(c)(14)" as their eligibility category. (Huber EA Record at 36; Sonia EA Record at 31; Brandon EA Record at 31.) Thus, Plaintiffs sought work authorization under 8 C.F.R. § 274a.12(c)(14), which applies to a noncitizen "who has been granted deferred action, an act of administrative convenience to the government that gives some cases lower priority, if the [noncitizen] establishes an economic necessity for employment." *See* 8 C.F.R. § 274a.12(c)(14).

On July 1, 2022, USCIS issued Huber a Request for Evidence ("RFE"), stating that they "need more information from [Huber] in order to make a decision on [his] case." (Huber EA Record at 21–23.) Specifically, the RFE requested "evidence that [Huber is] in a period of deferred action or is under consideration for deferred action." (*Id*.) USCIS identified certain types of evidence that would suffice, including: (1) a "copy of the notice or letter issued by USCIS or U.S. Immigration and Customs Enforcement (ICE) granting you a period of deferred action"; (2) "[e]vidence of an approved Form I-360, Petition for Amerasian, Widow(er), or Specifical Immigrant, where you requested classification as a self-petitioning relative in an abusive relationship"; and (3) "[e]vidence indicating that you may be under consideration for a grant of deferred action . . . ." (*Id*.) On March 20, 2023, Sonia and Brandon both received RFEs identical to what was sent to Huber. (Sonia EA Record at 19–21; Brandon EA Record at 16–18.)

On July 26, 2022, Plaintiffs' counsel mailed to the USCIS National Benefit Center Judge Sagerman's order terminating Huber, Sonia, and Brandon's removal proceedings "as a matter of prosecutorial discretion" and screenshots of an online publication of 8 C.F.R. § 208.7. (Huber EA Record at 10–20.) The National Benefits Center received these materials on August 1, 2022.

(*Id*. at 10.) On June 14, 2024, Plaintiffs' counsel mailed the same letter from Judge Sagerman in response to the RFEs addressed to Sonia and Brandon, which was received by the National Benefits Center on June 16, 2023. (Sonia EA Record at 11–15; Brandon EA Record at 11–15.)

On September 1, 2022, USCIS denied Huber's Form I-765. (Hubert EA Record at 4–6.) The denial letter noted that Huber applied for work authorization under 8 C.F.R. § 274a.12(c)(14), which applies to noncitizens who have been granted deferred action and have demonstrated an economic necessity for employment. (*Id*. at 4.) The letter further noted that, on July 1, 2022, USCIS issued an RFE asking Huber to "submit a copy of the notice or letter issued by ICE or USCIS which shows that [Huber] was granted deferred action and that it is still in effect," to which Huber replied by "submit[ing] a copy of the Order of the Immigration Judge and a copy of Immigration regulations." (*Id*.) The letter explained that USCIS denied the application for work authorization because the "evidence [Huber] submitted did not establish [his] eligibility for employment authorization . . . ." (*Id*.) It concluded by noting that although Huber could not appeal this decision, he could file a motion to reopen or motion to reconsider using Form-290B if he believed that his application for work authorization was denied in error. (*Id*. at 4–5.)

On July 19, 2023, and July 20, 2023, USCIS respectively denied Brandon and Sonia's I-765 applications for work authorization on the same basis—specifically, that the supporting evidence did not establish their eligibility for employment authorization under 8 C.F.R. § 274a.12(c)(14). (Brandon EA Record at 4; Sonia EA Record at 4.)

## PROCEDURAL HISTORY

On May 10, 2023, Plaintiffs filed the Complaint in this action. (Compl.) On November

22, 2023, Defendants filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss and motion for summary judgment. (ECF No. 9.) On December 4, 2023, Plaintiffs filed their response. (ECF No. 10.)[4] Plaintiffs opposed Defendants' arguments for dismissal or summary judgment, but did not represent that Plaintiffs sought to file a cross-motion for summary judgment. (*Id.*) After reviewing the letters, the Court waived the pre-motion conference requirement and set a briefing schedule for Defendants' anticipated motions. (ECF No. 11.) After granting a series of requests to extend the briefing deadlines (*see* ECF Nos. 12–14), the Court ordered all briefing to be filed later than May 10, 2024. (Elec. Order, Apr. 3, 2024.)[5]

Pursuant to the "bundling" recommendation set forth in this Court's Individual Rules, on May 10, 2024, Defendants filed their motions, along with certified administrative records that include the Form I-765 applications of Huber (ECF No. 18), Sonia (ECF No. 19), and Brandon (ECF No. 20), as well as their reply to Plaintiffs' opposition (Reply in Support of Mot. ("Reply"), ECF No. 21.) Plaintiffs filed their opposition to Defendants' motion to dismiss and for summary judgment ("Mot. Opposition") out of order on April 29, 2024. (ECF No. 15.)[6]

---

[4] Plaintiffs' response is dated December 3, 2023, but was filed on the docket on December 4, 2023.

[5] The Court's April 3, 2024 Order set the parties' deadlines for *service* of their submissions on the opposing side and requested that all briefs be *filed* on the docket on May 10, 2024, in accordance with the Court's recommended bundling practice. (*See* Elec. Order, Apr. 3, 2024; Individual Rule 5.2.)

[6] Plaintiffs filed their brief on the docket before the Defendants' initial motions notwithstanding this Court's recommendation that all briefing be filed only when the motions were fully briefed. (*See* ECF Nos. 16–21.)

Plaintiffs' opposition is styled as both an opposition to the motion to dismiss and as a cross-motion for summary judgment even though Plaintiffs had not previously filed a letter requesting a pre-motion conference on an anticipated cross-motion for summary judgment as required by the Court's Individual Rules.[7] *See* PMC Opposition; *see also* Judge Nusrat J. Choudhury, Individual Rules for Civil and Criminal Cases, Rule 5.1. Accordingly, by May 10, 2024, both Defendants' motion to dismiss and motion for summary judgment were fully briefed.[8]

On May 15, 2024, Plaintiffs filed, without explanation, an omnibus submission at ECF No. 22, which includes the following documents already filed on the docket: (1) the Complaint, which is located at ECF No. 1; (2) Plaintiffs' December 4, 2023 letter response to Defendants' letter requesting a conference on their anticipated motions, which is filed at ECF No. 10; and (3) a brief described as "Plaintiffs' Notice for Summary Judgment and Opposition to the Government's Motions to Dismiss or Summary Judgment," which is identical to the brief Plaintiffs had already filed on April 24, 2024 at ECF No. 15. In light of the fact that the May 15, 2024 submission is untimely and includes materials Plaintiffs had already filed on the docket, the Court does not consider this submission in resolving Defendants' motions.

---

[7] Plaintiffs' April 29, 2024 opposition brief is missing page 4. (*See* ECF No. 15 at 3–5.) However, the content of that missing page appears in Plaintiffs' earlier filed December 4, 2023 letter opposing Defendants' request for a pre-motion conference regarding the now pending motions, which is a near verbatim recitation of the content of Plaintiffs' opposition brief. (*Compare* ECF No. 15 *with* ECF No. 10.) Accordingly, the Court considers all arguments raised by Plaintiffs in both its timely brief (ECF No. 15) and its letter opposing Defendants' pre-motion conference request (ECF No. 10) in resolving the pending motions.

[8] Although the parties' submissions on Defendants' motions appear on the docket out-of-order, Defendants served the motions on April 1, 2024; Plaintiffs opposed on April 29, 2024; and Defendants replied on May 10, 2024.

## LEGAL STANDARDS

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." *Green v. Dep't of Educ. of the City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021) (internal quotation marks omitted); *Russo v. United States*, No. 22-cv-1869, 2024 WL 726884, at *1 (2d Cir. Feb. 22, 2024). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025).

A court considers a Rule 12(b)(1) challenge before other arguments for dismissal because dismissal for lack of subject matter jurisdiction renders a defendant's defenses and objections moot. *See Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019); *see also Pressley v. City of New York*, No. 11-cv-3234, 2013 WL 145747, at *5 (E.D.N.Y. Jan. 14, 2013) ("A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction.").

When a party raises a facial challenge to the court's subject matter jurisdiction, "the plaintiff has no evidentiary burden" and the district court need only assess the facts alleged in the complaint. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (internal quotation marks omitted); *see also Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024). When a party has placed jurisdictional facts into dispute by "offer[ing] extrinsic evidence that contradicts the

material allegations of the complaint," however, "the court has the obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441–42 (2d Cir. 2022). "[I]f the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations" of the pleading, the plaintiffs "are entitled to rely" on the complaint's allegations. *Carter*, 822 F.3d at 57.

To avoid dismissal under Rule 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Cardinal Motors, Inc. v. H&H Sports Protection USA Inc.*, 128 F.4th 112, 120 (2d Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining whether a claim is sufficiently plausible to withstand dismissal under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true" and "draw[s] all reasonable inferences in the plaintiff's favor." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 307 (2d Cir. 2022). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1106 (2d Cir. 2024). While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A complaint fails to state a claim "if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

**DISCUSSION**

Defendants move to dismiss this action under Rule 12(b)(1). In the alternative, they move for summary judgment on Plaintiffs' APA claims under Rule 56(a), Fed. R. Civ. P., and move to dismiss the due process claims under Rule 12(b)(6), Fed. R. Civ. P.

While Defendants invoke APA Section 701(a)(2) to argue for dismissal of the entire Complaint, such an argument is overbroad. Rather, Section 701(a)(2) forecloses judicial review of an action committed to agency discretion in which the reviewing court would not have any standard by which to assess the agency's exercise of discretion. 5 U.S.C. § 701(a)(2). This Court lacks jurisdiction to hear Plaintiffs' claims under APA Sections 706(2)(A), (C), and (D) because Plaintiffs are challenging an agency action—namely, USCIS's denial of Plaintiffs' applications for work authorization—that is committed to agency discretion by law. Accordingly, the APA claims are dismissed for lack of jurisdiction under Rule 12(b)(1) and the Court does not reach Defendants' motion for summary judgement on these claims.

However, contrary to Defendants' contention, the Court retrains jurisdiction to consider Plaintiffs' procedural and substantive due process claims. In *Webster v. Doe*, 486 U.S. 592, 603 (1988), the Supreme Court held that "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear" in order to "avoid the 'serious constitutional question' that would raise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." (quoting *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 681 n.12 (1986)). Because Section 1324a contains no such language barring juridical review of constitutional claims, the Court has jurisdiction to hear Plaintiffs' due process claims.

The Court analyzes the due process claims under Rule 12(b)(6) and concludes that the Complaint fails to plead any plausible due process claims. The procedural due process claims are not plausible because the Complaint does not allege the deprivation of a protected liberty or property interest or any specific pre- or post-deprivation notice or opportunity to be heard that Defendants failed to provide Plaintiffs in the course of resolving their applications for work authorization. Moreover, the Complaint fails to plead plausible substantive due process claims both against USCIS's denial of work authorization to Plaintiffs and against Section 1324a and its implementing regulations. Plaintiffs do not show that non-citizens in their position possess a fundamental right to work in the United States without authorization from the federal government. In the absence of a fundamental right, the challenged agency actions and the facial challenge to Section 1324a and its implementing regulations are subject to rational basis review. However, the Complaint is devoid of any allegation that Section 1324a and its related regulations are not reasonably related to a legitimate government purpose as required to plead a plausible substantive due process claim.

Finally, the Court considers whether to permit amendment of the Complaint under Rule 15(a)(2), Fed. R. Civ. P. Plaintiffs did not amend the Complaint after being served with Defendants' motion to dismiss and motion for summary judgment, even though the scheduling order governing briefing on the motions afforded Plaintiffs the opportunity to do so. Nor did Plaintiffs seek leave to amend the Complaint in their opposition to Defendants' motions. At this time, leave to amend is denied under Rule 15(a)(2) with respect to all but the substantive due process claims for the reasons explained below.

## I.      Jurisdiction and Dismissal of the APA Claims Under Rule 12(b)(1)

Defendants argue that the Court lacks jurisdiction to hear all claims pled in the Complaint because Plaintiffs are challenging an agency action—namely, USCIS's denial of Plaintiffs' applications for work authorization—that is committed to agency discretion by law. (Mot. at 11.) Defendants rely on Section 701(a)(2), which forecloses judicial review of an action committed to agency discretion in which the reviewing court would not have any standard by which to assess the agency's exercise of discretion. 5 U.S.C. § 701(a)(2).

Plaintiffs make two brief statements in response. First, Plaintiffs contend that "[b]ecause the language in the regulation [8 C.F.R. § 274a.12(c)(14)] is unambiguous, the Court can rule upon the agency's error." (PMC Opposition at 2.) Second, Plaintiffs state without elaboration that the Court has jurisdiction to hear the substantive due process claim against Section 1324a and its related regulations. (*Id*. at 3.)

Under APA Section 701(a)(2), "agency action is not subject to judicial review to the extent that such action is committed to agency discretion by law." *Chen v. Garland*, 43 F.4th 244, 252 (2d Cir. 2022) (internal quotation marks omitted); *see also Salazar v. King*, 822 F.3d 61, 75–76 (2d. Cir. 2016) (holding that "[t]here is a strong presumption favoring judicial review of administrative action," but that presumption is "subject to a narrow exception: the APA's prohibition against judicial review of agency action committed to agency discretion by law" (internal quotation marks omitted)). An agency action is committed to discretion by law when "the statutes and regulations at issue . . . 'are drawn in such broad terms that there is no law to apply.'" *Salazar*, 822 F.3d. at 76 (quoting *Westchester v. U.S. Dep't of Hous. & Urb. Dev.*, 778 F.3d 412, 419 (2d Cir. 2015)) (alterations omitted). "To determine whether there is 'law to

apply' that provides 'judicially manageable standards' for judging an agency's exercise of discretion, the courts look to the statutory text, the agency's regulations, and informal agency guidance that govern the agency's challenged action." *Id*.

Here, the plain text of 8 C.F.R. § 274a.13(a)(1)—the federal regulation that governs USCIS decisions to grant or deny work authorization for noncitizens who "must apply" for permission to work in the United States—explicitly states that "[t]he approval of applications filed under 8 C.F.R. § 274a.12(c) . . . *are within the discretion* of USCIS" (emphasis added). *See Rodriguez v. Nielsen*, No. 16-cv-7092, 2018 WL 4783977, at *7 (E.D.N.Y. Sept. 30, 2018) ("[T]he decision to grant or deny Plaintiff's [work authorization] applications implicates an agency's exercise of discretion[.]") On this basis, courts around the country have consistently held that "employment authorization for noncitizen workers *is committed to the discretion of USCIS*" and is therefore "*unreviewable under the APA*." *Kondapally v. U.S. Citizenship & Immigr. Servs*., No. 20-cv-920, 2020 WL 5061735, at *4 (D.D.C. Aug. 27, 2020) (emphasis added); *see also Amrani v. Sec'y, Dep't of Homeland Sec*., No. 5:25-cv-308, 2025 WL 3653594, at *3 (M.D. Fla. Dec. 17, 2025) (finding that "there is no meaningful standard that allows for judicial review under the APA of USCIS's decision regarding [plaintiff's] application for employment authorization" (internal quotation marks omitted)); *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1114 (C.D. Cal. 2025) (holding that the Court "lacks subject matter jurisdiction over Plaintiffs' claims" because "each applicable statute and regulation makes clear that [employment authorization] falls within the government's discretion to grant or deny"); *Bestman v. Dep't of Homeland Sec*., No. 20-cv-564, 2025 WL 358764, at *4 (D.D.C. Jan. 31, 2025) ("USCIS regulations are clear on that point: the approval or denial of applications for

employment authorization are within the discretion of USCIS" and therefore courts have routinely held that such decisions are "outside the purview of judicial review" (alterations omitted)).

This Court plainly lacks jurisdiction to review Plaintiffs' claims under APA Sections 706(2)(A), 706(2)(C), and 706(2)(D) against Defendants' denial of Plaintiffs' work authorization applications made under 8 C.F.R. § 274a.12(c)(14). That regulation permits USCIS to grant work authorization to noncitizens who have been granted deferred action, which is "an act of administrative convenience to the government that gives some cases lower priority . . . ." 8 C.F.R. § 274a.12(c)(14)*; see* Huber EA Record at 36; Sonia EA Record at 31; Brandon EA Record at 31. However, 8 C.F.R § 274a.13(a)(1) plainly provides that "[t]he approval of [such] of applications . . . *are within the discretion* of USCIS." 8 C.F.R. § 274a.13(a)(1) (emphasis added); *see Rodriguez*, 2018 WL 4783977, at *7. Because there is no "meaningful standard" that allows for judicial review of USCIS's exercise of this discretion in denying Plaintiffs' applications for work authorization, *Amrani*, 2025 WL 3653594, at *3, this Court lacks jurisdiction to review Plaintiffs' APA claims. *See, e.g.*, *id.; Kondapally*, 2020 WL 5061735, at *4; *Khachutorov*, 792 F. Supp. 3d at 1114; *Bestman*, 2025 WL 358764, at *4.

The APA claims are therefore dismissed under Rule 12(b)(1). Accordingly, Defendants' Rule 56 motion for summary judgment on the APA claims is dismissed as moot.[9]

---

[9] Defendants' Rule 56 motion argues that Defendants merit summary judgment on the APA claims because USCIS articulated a rational connection between the facts and its denial of work authorization to Plaintiffs: that Plaintiffs applied for work authorization under 8 C.F.R. § 274a.12(c)(14), but have not shown that they are subject to a "deferred action" as required by the regulation. (*Id.* at 12.) According to Defendants, Plaintiffs are not eligible for work authorization under 8 C.F.R. § 274a.12(c)(14) because their removal proceedings were

However, Defendants have made no showing that this Court lacks jurisdiction to review the due process claims set forth in the Complaint. This Court retains jurisdiction over Plaintiffs' constitutional claims absent a clear indication that Congress intended to preclude judicial review of constitutional claims. *See Webster*, 486 U.S. at 603; *see also Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 196 (2d Cir. 2022) ("To be sure, when Congress seeks to preclude judicial review of constitutional claims, we require a heightened showing of clear congressional intent in part to avoid the serious constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim.") (internal quotations and alterations omitted), *abrogated on other grounds by Riley v. Bondi*, 145 S. Ct. 2190, 2203 (2025). Section 1324(a) contains no such language barring juridical review of constitutional claims, let alone any indications of "clear congressional intent" to preclude judicial review of constitutional claims against the statute. Accordingly, this Court has jurisdiction to hear Plaintiffs' due process claims.

## II.     Rule 12(b)(6) Analysis of Due Process Claims

Defendants argue for dismissal of Plaintiffs' due process claims under Rule 12(b)(6) on several grounds. First, they contend that the procedural due process claims are implausible because the Complaint challenges the denial of requested work authorization but fails to allege that Defendants did not provide Plaintiffs a fair hearing or any specific notice or process. (Mot. at 14–15.) Second, Defendants argue that the procedural due process claims are implausible

---

terminated due to an exercise of prosecutorial discretion, which is *not* the same as a deferred action. (*Id*. at 12–13.) In opposition, Plaintiffs contend that the termination of removal hearings through an act of prosecutorial discretion is a form of deferred action rendering Plaintiffs eligible for work authorization under 8 C.F.R. § 274a.12(c)(14). (*See* Mot. Opposition at 1.) The Court does not reach this issue because the APA claims are dismissed for lack of jurisdiction.

because USCIS's denial of Plaintiffs' work authorization applications did not infringe on any constitutionally protected liberty or property interest. (*Id*. at 15.) Third, Defendants assert that Plaintiffs' substantive due process challenges to the denial of their work authorization applications and to Section1324a and its implementing regulations are implausible because noncitizens do not have a constitutional right to work in the United States without authorization from the federal government. (Mot. at 15; Reply at 9.)

Plaintiffs' opposition submissions do not address the arguments for dismissal of the procedural due process claims. (*See generally* Mot. Opposition; PMC Opposition.) Plaintiffs argue against dismissal of their substantive due process claims on the basis that Section 1324a and its implementing regulations violate the fundamental right to work for a living by restricting the ability of noncitizens to work in the United States. (*See* Mot. Opposition at 5–9; PMC Opposition at 2–3.) According to Plaintiffs, such a right is a fundamental right afforded substantive due process protection because it is "deeply rooted in the Nation's history and tradition and implicit in the concept of ordered liberty." (PMC Opposition at 2.)

For the reasons discussed below, Plaintiffs' due process claims are implausible and dismissed under Rule 12(b)(6).

## A.  Procedural Due Process

"A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Radwan v. Manuel*, 55 F.4th 101, 123 (2d Cir. 2022) (quoting *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012)). "In determining whether a given benefits regime creates a property interest protected by the Due Process Clause," the Second Circuit "look[s] to

the statutes and regulations governing the distribution of benefits." *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005); *see also Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) ("A 'unilateral expectation' is not sufficient to establish a constitutionally protected . . . right[,] [r]ather, a plaintiff must have 'a legitimate claim of entitlement to' the alleged property interest." (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576–77 (1972))). "[A] benefit is not a protected entitlement if government officials may grant or deny it *in their discretion*." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (emphasis added); *Nurjahan v. U.S. Dep't of State*, No. 22-cv-2692, 2023 WL 2931581, at *2–3 (E.D.N.Y. Apr. 13, 2023) (finding that plaintiff failed to state a due process claim on the basis of USCIS's failure to adjudicate an I-130 application because "there is no legitimate claim of entitlement to a benefit if government officials may grant or deny it in their discretion" (internal quotation marks omitted)). On this basis, courts have held that there is no protected liberty or property interest in the grant of USCIS employment authorization when applicants have sought such authorization under specific regulations. *See Gondal v. U.S. Dep't of Homeland Sec.*, 343 F. Supp. 3d 83, 92–93 (E.D.N.Y. 2018) (holding in the context of a denial of an application for renewed Deferred Action for Childhood Arrivals that the "[t]he decision to grant . . . work authorization is a discretionary one" and therefore "Plaintiff does not possess a liberty or property interest in . . . an employment authorization card"); *Kyzy v. US Citizenship & Immigr. Servs.*, 420 F. Supp. 3d 322, 329 (E.D. Pa. 2019) (finding that plaintiff, an applicant for asylum, "failed to show that she has a property interest at stake" in the discretionary denial of work authorization by USCIS).

Here, Plaintiffs' opposition entirely fails to respond to Defendants' arguments that the Complaint does not plead a plausible liberty or property interest implicated by USCIS's denial of

work authorization to Plaintiffs and that the Complaint does not identify any additional notice or process that Plaintiffs were due. Plaintiffs thus concede these points. *See generally*, Mot. Opposition and PMC Opposition; *see Felske,* 2012 WL 716632, at *3; *cf. Abrahams,* 79 F.3d at 237 n.2. However, even if Plaintiffs did not concede these issues, the factual allegations of the Complaint fail to state plausible claims that USCIS's denial of Plaintiffs' applications for work authorization under Section 1324a and 8 C.F.R. § 274a.12 infringe on a protected liberty or property interest and that USCIS failed to provide any notice or process that was due as required to plead a procedural due process claim.

The Complaint alleges that Defendants violated Plaintiffs' due process rights by "refus[ing] to grant work authorization to individuals who have been granted [termination of removal proceedings as an exercise of prosecutorial discretion] in immigration court proceedings *where [the exercise of such discretion] is a form of deferred action*, and regulations make clear that work authorization is available to such individuals." (Compl. at 6 (emphasis supplied).) However, Plaintiffs provide no legal authority for the proposition that the termination of removal proceedings through an act of prosecutorial discretion is a form of "deferred action, an act of administrative convenience to the government that gives some cases lower priority" under 8 C.F.R. § 274a.12(c)(14), the regulation under which Plaintiffs applied for work authorization. (*See* Mot. Opposition at 1; *see* Huber EA Record at 36; Sonia EA Record at 31; Brandon EA Record at 31.) Moreover, as discussed, work authorization applications under 8 C.F.R. § 274a.12(c)(14) are governed by 8 C.F.R. § 274a.13(a)(1), which explicitly provides that "[t]he approval of [such] applications . . . are *within the discretion* of USCIS." (Emphasis added.) Plaintiffs fail to show that they "possess a liberty interest or property interest" in being granted

work authorization under 8 C.F.R. § 274a.12(c)(14) where the applicable regulations place the decision to grant the application in the sole discretion of USCIS. *See, e.g., Gondal*, 343 F. Supp. 3d at 92–93 (finding that USCIS's decision to grant work authorization to an applicant for renewed Deferred Action for Childhood Arrivals status to be discretionary). Indeed, work authorization under 8 C.F.R. § 274a.12(c)(14) is "not a protected entitlement" because "government officials may grant or deny it in their discretion." *Town of Castle Rock, Colo.*, 545 U.S. at 756.

Finally, even if a protected property or liberty interest were at stake, the Complaint fails to allege any facts that plausibly suggest that USCIS did not afford Plaintiffs sufficient notice or opportunity to be heard at any point of the agency's resolution of their claims for work authorization. (*See* Compl. at 6.) Rather, the Complaint alleges that the denial of the work authorizations under 8 C.F.R. § 274a.12(c)(14) was itself the due process deprivation, which fails to state a procedural due process claim. (*See id*.)

Accordingly, the Complaint fails to plead plausible procedural due process claims, and these claims are therefore dismissed under Rule 12(b)(6) for failure to state a claim.

### B. Substantive Due Process

The Complaint alleges that Defendants' violated Plaintiffs' substantive due process rights under the Fifth Amendment by denying their work authorization applications. (Compl. at 6–7.) It also brings a facial challenge to Section 1324a and its implementing regulations on the basis that "the right to work for a living and to support one's family" is a fundamental right that is infringed by requiring noncitizens to procure work authorization from USCIS in the first place. (*Id*. at 6) Defendants move to dismiss these substantive due process claims under Rule 12(b)(6),

arguing that there is no "constitutional right" for noncitizens to work without authorization in the United States. (Mot. at 15–16). In opposition, Plaintiffs argue that 8 U.S.C. § 1324a and its implementing regulations are unconstitutional under the substantive due process protections of the Fourteenth and Fifth Amendments, which guarantee rights not mentioned in the Constitution where such right is deeply rooted in the Nation's history and tradition and implicit in the concept of ordered liberty. (Mot. Opposition at 5–9; PMC Opposition at 2–3.)

As a threshold matter, Plaintiffs' briefing relies at times on the substantive due process protections of the Fourteenth Amendment, which applies to the States, rather than the Fifth Amendment, which applies to Defendants as federal government officials. (Mot. Opposition at 2, 5, 9 (referring to the Fourteenth Amendments); *id.* at 6 (referring to the Fifth Amendment); PMC Opposition at 2 (referring to Fourteenth Amendment).) This Court assumes that Plaintiffs intend to rely on the Fifth Amendment, which is the applicable provision, when they argue that "[t]here is no more well-established right in the Constitution than an individual's right to work for a living," and that Section 1324a "irrationally imposes severe economic consequences on [noncitizens] present in the United States and creates a widespread government-imposed system of discrimination in violation of countless international standards." (PMC Opposition at 2–3.)

"'[T]he touchstone of due process is protection of the individual against arbitrary action of government.'" *Goe v. Zucker*, 43 F.4th 19, 30 (2d Cir. 2022) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998)). To determine whether a government regulation infringes a substantive due process right, the court must first "determine whether the asserted right is fundamental." *Id.* "Rights are fundamental when they are implicit in the concept of ordered liberty, or deeply rooted in this Nation's history and tradition." *Id.* "When the right infringed is

fundamental," the court applies strict scrutiny, and "the governmental regulation must be narrowly tailored to serve a compelling state interest." *Id*. When a "claimed right is not fundamental," the court applies rational basis review, and the "governmental regulation need only be reasonably related to a legitimate state objective." *Id*.

Here, both Plaintiffs' facial challenge to Section 1324a and its related regulations and their as-applied substantive due process claims are implausible under Rule 12(b)(6) because they are based on the unsupported contention that noncitizens in Plaintiffs' position have a fundamental right to work for a living and support their family without authorization from the federal government. None of the cases on which Plaintiffs rely establish that such a right is implicit in the concept or ordered liberty or deeply rooted in our nation's history and tradition as Plaintiffs contend. *See also Aliens for Better Immigr. L. v. United States*, 871 F. Supp. 182, 184 (S.D.N.Y. 1994) (holding that the right to work in the United States "after labor certification but *before issuance of a permanent residency* card—is not so rooted in the traditions and conscience of our people as to be ranked as fundamental") (emphasis added). Plaintiffs rely on *Truax v. Raich*, 239 U.S. 33, 41 (1915), but this case is inapposite. (Mot. Opposition at 5.) In considering an Arizona law that sought to "deny to lawful inhabitants, *because of their race or nationality*, the ordinary means of earning a livelihood" the Supreme Court did not recognize a fundamental right for any noncitizen to work in the United States, nor did it limit the federal government's authority to regulate this issue. The Supreme Court has recognized that, while a state may not implement alienage-based restrictions on employment, the federal government retains "broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, *regulation of their conduct before naturalization*, and the terms and

25

conditions of their naturalization." *Takahashi v. Fish & Game Comm'n*, 334 U.S. 410, 419 (1948) (emphasis added). Accordingly, courts around the country have concluded that noncitizens do not have a "constitutional right to work without authorization." *Aliens for Better Immigr. L.*, 871 F. Supp. at 184–86; *Guo Hua Ke v. Morton*, No. 10-cv-8671, 2012 WL 4715211, at *11 (S.D.N.Y. Sept. 30, 2012) (same); *Pilapil v. Immigr. & Naturalization Serv.*, 424 F.2d 6, 11 (10th Cir. 1970) (holding that "no rights under the Constitution of the United States relative to equal opportunity of employment" are afforded to noncitizens absent work authorization.)

Plaintiffs also cite the Declaration of Independence and sources of international law, including the Universal Declaration for Human Rights. (PMC Opposition at 2–3.) However, the Declaration of Independence is "a statement of principles and ideas, not of law, and does not grant enforceable rights." *Rywelski v. Biden*, No. 23-cv-5099, 2024 WL 1905670, at *2 (10th Cir. May 1, 2024), *cert. denied*, 145 S. Ct. 444 (2024). In addition, "the [Universal Declaration for Human Rights] does not of its own force impose obligations as a matter of international law," nor does it create obligations enforceable in federal court. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734–35 (2004); *see, e.g.*, *Bey v. Malec*, 2018 WL 4585472, at *2 (N.D. Cal. Sept. 25, 2018) (dismissing claims for violations of United Nations Declaration on the Rights of Indigenous Peoples and Universal Declaration of Human Rights because neither document is "binding in federal court").

Accordingly, Plaintiffs have not established that they, as noncitizens without lawful permanent resident status whose removal proceedings were terminated through an exercise of prosecutorial discretion, have a fundamental right to work without authorization which was

violated by Defendants' denial of their applications for work authorization under Section 1324a and its implementing regulations.

Moreover, in the absence of a fundamental right, Plaintiffs' facial challenge to Section 1324a and its implementing regulations under substantive due process is subject to rational basis review. *Goe*, 43 F.4th at 30. "Legislative acts that do not interfere with fundamental rights or single out suspect classifications carry with them a strong presumption of constitutionality and must be upheld if rationally related to a legitimate state interest. *Beatie v. City of New York*, 123 F.3d 707, 711 (2d Cir. 1997). At the motion to dismiss stage, where no fundamental right is implicated, a plaintiff must show that the Complaint pleads a plausible claim that there is "no rational relationship between the legislation and a legitimate legislative purpose." *Id*.

The Complaint does not allege that Section 1324a and its implementing regulations are not rationally related to the advancement of any legitimate government purpose. Rather, its sole basis for the claim that the statute and regulations violate substantive due process is that there is a fundamental right to work for a living and to support one's family, which extends to noncitizens whose removal proceedings have been terminated through an act of prosecutorial discretion. Accordingly, the facial challenge to Section 1324a and its implementing regulations on a substantive due process theory is dismissed as implausible.

Plaintiffs argue in their briefing that Section 1324a "irrationally imposes severe economic consequences on [noncitizens] present in the United States and creates a widespread government-imposed system of discrimination in violation of countless international standards." (PMC Opposition at 2–3.) However, the Complaint itself does not plead that the statute and its implementing regulations are not rationally related to advancing a legitimate governmental

objective. Moreover, the arguments that Plaintiffs raise in their briefing does not amend the Complaint. *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018) ("Ordinarily, parties may not amend the pleadings through motion papers.").[10]

### III.    Leave to Amend

Rules 15 and 16 of the Federal Rules of Civil Procedure govern a plaintiff's ability to amend the complaint, and "when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." *Sacerdote v. N.Y.U.*, 9 F.4th 95, 115 (2d Cir. 2021). First, Rule 15(a)(1) permits "a plaintiff [to] freely amend her pleadings . . . as of right without court permission" twenty-one days after a complaint is served or twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). *Id*. Second, after the time to amend as of right has passed—"either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)"—a plaintiff seeking to amend a complaint must either request leave from the court or obtain the opposing party's written consent. *Id.*; Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) sets forth a lenient standard under which "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2)*.* "Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the

---

[10]   In their opposition brief, Plaintiffs argue for the first time that the "requirements for work authorization have resulted in invidious discrimination against the Plaintiffs" in violation of the equal protection guarantees of the Fifth Amendment. (*See* Opposition at 9.) However, the Complaint does not bring an equal protection claim; it only alleges APA claims and a Fifth Amendment due process claim. Because a plaintiff may not raise claims in briefing that are not pled in the complaint, there is no equal protection claim before the Court. *See Costello v. Wells Fargo Bank, Nat'l Ass'n*, 739 F. App'x 77, 78 (2d Cir. 2018) ("We also note that [plaintiff's] various claims under the [statute] fail because they were raised for the first time in his opposition to the motions to dismiss."); *Soules*, 882 F.3d at 56.

non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-cv-02987, 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Third, Rule 15(a)(2)'s period of "liberal" amendment ends upon expiration of the date set by the court as the deadline after which no amendment will be permitted. *Sacerdote*, 9 F.4th at 115. At that point, Rule 16 also applies, and a court must balance the "liberal" amendment standard of Rule 15 with Rule 16(b)(4)'s requirement that the plaintiff show "good cause" for an extension of the deadline to amend. Fed. R. Civ. P. 16(b)(4); *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009); *see also Pasternack v. Shrader*, 863 F.3d 162, 174 n.10 (2d Cir. 2017) (plaintiff must satisfy both Rules 15 and 16 to be permitted to amend after the deadline in the scheduling order has passed).

At this early stage of the action, the Court has not set a deadline after which no amendment will be permitted. Accordingly, leave to amend is analyzed under Rule 15(a)(2), and such leave must be denied only if there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties. *Adlife Mktg.*, 2018 WL 4568801, at *1 (citing *Foman*, 371 U.S. at 182); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015); *Sacerdote*, 9 F.4th at 115. "[W]hile there is no requirement that a plaintiff be given an opportunity to amend after the issuance of a decision ruling on a motion to dismiss the operative pleading, courts should generally permit amendment at least once after the district court has articulated its substantive concerns with the pleading—again, absent a finding of undue delay, bad faith, dilatory motive, or futility." *Northwell Health, Inc. v. Blue Cross & Blue Shield of Mass., Inc.*, No. 2:23-cv-977, 2025 WL 3500645, at *8 (E.D.N.Y. Dec. 5, 2025) (citing *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 363 (2d Cir. 2023)).

Here, the Court's Order scheduling briefing on Defendants' motions under Rules 12(b)(1) and 12(b)(6) warned Plaintiffs that, under Rule 15(a)(1), they would be permitted to file an amended complaint within 21 days of service of the motion to dismiss and would unlikely be granted a further opportunity to amend. Because that deadline for amendment has passed, Plaintiffs' ability to amend their complaint is governed by the standard set forth in Rule 15(a)(2). *See Sacerdote*, 9 F.4th at 115; Fed. R. Civ. P. 15(a)(2) (recognizing that "[t]he court should freely give leave [to amend] when justice so requires"). However, even under Rule 15(a)(2), a court may "deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021); *see also Adlife Mktg.*, 2018 WL 4568801, at *1. An amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *See IBEW Loc. Union No. 58 Pension Tr. Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

Here, Plaintiffs did not request leave to amend the Complaint at any time. The Court dismisses the APA claims with prejudice because any amendment would be futile as the Court lacks jurisdiction over these claims for the reasons explained above. *See supra* Discussion § II (A) at 20–23. The procedural due process claims are also dismissed with prejudice because those claims cannot be cured by any additional factual allegations in an amended complaint where Plaintiffs fail to show any cognizable liberty or protected interest implicated by USCIS's denial of their applications for work authorization.

The Court dismisses without prejudice the substantive due process claims against Section 1324a and its implementing regulations and USCIS's denial of work authorization to Plaintiffs.

As addressed, the Complaint fails to plead plausible substantive due process claims based on the assertion of a fundamental right of noncitizens in Plaintiffs' position to work in the United States without authorization. However, the Complaint does not include allegations that Section 1324a and its implementing regulations are not rationally related to advancing a legitimate government purpose. Moreover, in moving to dismiss the substantive due process claims, Defendants did not argue that Section 1324a and is implementing regulations would withstand rational basis review. (Mot. at 14–16; Reply at 8–10.) This Court does not opine, one way or the other, as to whether a substantive due process challenge to Section 1324a and its implementing regulations is plausible. Nevertheless, because the Complaint and the parties' submissions on Defendants' motion to dismiss the substantive due process claims fail to address this issue, the Court will permit the parties to meet and confer as to whether Plaintiffs seek leave to amend the Complaint to address the dismissed substantive due process claims and, if so, whether Defendants oppose. To the extent Plaintiffs seek leave to amend, they must file a letter requesting a pre-motion conference, reporting on the results of the meet and confer with Defendants, and a redline of the proposed amended complaint.

Accordingly, leave to amend under Rule 15(a)(2) is denied with respect to all claims other than the substantive due process claims.

## CONCLUSION

For the reasons explained above, Defendants' Rule 12(b)(1) motion to dismiss this action for lack of subject matter jurisdiction is granted as to the APA claims but denied with respect to the due process claims. Defendants' Rule 12(b)(6) motion to dismiss the Fifth Amendment procedural due process and substantive due process claims for failure to state a claim is granted

in its entirety. Defendants' Rule 56 motion for summary judgment on the APA claims and Plaintiffs' cross-motion for summary judgment are dismissed as moot.

All claims set forth in the Complaint are dismissed with prejudice with the sole exception of the substantive due process claims which are dismissed without prejudice. The parties shall meet and confer as to whether Plaintiffs seek leave to amend the Complaint under Rule 15(a)(2) to address only the substantive due process claims and, if so, whether Defendants oppose.


Dated: Central Islip, New York
       February 18, 2026

                                          _/s/ Nusrat J. Choudhury_
                                          NUSRAT J. CHOUDHURY
                                          United States District Judge